# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EUGENE FLUKER,** | } |
| **Plaintiff,** | } |
| v. | } Case No.:   2:12-CV-04154-RDP |
| **UNITED STATES OF AMERICA,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion for Summary Judgment. (Doc. # 35). Defendant's Motion was fully briefed prior to counsel for Plaintiff's withdrawal.[1] (Docs. # 36, 38 and 39). Plaintiff advances a simple negligence claim against the United States pursuant to the Federal Tort Claims Act. (Doc. # 14). For the reasons explained below, Defendant's motion (Doc. # 35) is due to be denied.

## I.   FACTS[2]

On January 11, 2008, Plaintiff, a veteran, and his wife got up early in the morning and traveled to the Tuscaloosa VA Medical Center. (Doc. # 37-1 at 45; Doc. # 37-2 at 5; Doc. # 37-6 at p. 25). When they arrived, only a large wheelchair was available for their use. (Doc. # 37-1 at 45; Doc. # 37-2 at 5). Mrs. Fluker pushed Plaintiff in the wheelchair until they reached Patient

---

[1] Subsequent to Plaintiff's counsel's withdrawal, the court stayed the case to allow Plaintiff to retain other counsel or express his intent to proceed *pro* se. Plaintiff's communication with the court and his responses to the court's orders have been somewhat confusing. (Docs. # 43, 46). However, the court concludes that Plaintiff wishes to proceed with his case. (*See* Doc. # 46 – "I will be in court"). Therefore, the court will lift the stay and address the pending Motion for Summary Judgment.

[2] These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994). All reasonable doubts about the facts have been resolved in favor of the non-moving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).

Advocate Linda Champion's office, but Mrs. Fluker was unable to maneuver the wheelchair into the office.  (Doc. # 37-1 at 45-46; Doc. # 37-2 at 5).[3]  Ms. Champion called for assistance from Daniel Pettey, another Patient Advocate.  (Doc. # 37-1 at 46; Doc. # 37-2 at 5).  Mr. Pettey then attempted to push the wheelchair into the office, and in the process struck Plaintiff's right foot on some object.  (Doc. # 37-1 at 46-47; Doc. # 37-2 at 5).

Plaintiff suffered from diminished arterial blood supply in the arteries in his foot.  (Doc. # 37-5 at 17).  Although the blood supply was sufficient to maintain tissue viability when his foot was at rest, it was not sufficient to provide for increased metabolic demands of healing.  (Doc. # 37-5 at 17).  There is evidence in the Rule 56 record that "[t]he injury to his right foot was the inciting event leading to a predictable cascade of changes in the issues of the foot."  (Doc. # 37-5 at 17).  Plaintiff was also on the blood thinner warfarin (Coumadin) which causes bleeding issues.  (Doc. # 37-5 at 17).  If the body is unable to deliver additional blood flow to injured tissues, "tissue death can occur."  (Doc. # 37-5 at 17).  Plaintiff presented medical testimony that, "Mr. Fluker's injury to his right foot directly initiated a cascade of events inevitably leading to an above-the-knee amputation."  (Doc. # 37-5 at 17).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or

---

3 Plaintiff frequently visited with Ms. Champion in her office.  (Doc. # 37- at 30).

filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

## III.   ANALYSIS

Plaintiff brought this negligence claim pursuant to the FTCA. "Under the FTCA, the United States may be liable for personal injury or death caused by the negligent conduct of a federal employee while acting within the scope of his or her employment if the government would be liable were it a private person in the state where the act or omission occurred." *Belew v. U.S.*, 263 Fed.Appx. 1, 2 (11th Cir. 2007) (citing 28 U.S.C. § 1346(b)(1)). Therefore, the court looks to the negligence law of Alabama. *Belew*, 263 Fed.Appx. at 2. Under Alabama law, a plaintiff must demonstrate four elements to establish negligence: (1) duty, (2) breach of that duty, (3) proximate cause, and (4) actual damages or injury. *Martin v. Arnold*, 643 So.2d 564, 567 (Ala. 1994).

"Negligence is a mixed question of law and fact. Whether the defendant in a negligence action owed the claimant a duty is strictly a question of law." *Jones Food Co., Inc. v. Shipman*, 981 So.2d 355, 361 (Ala. 2006) (citing *RaCON, Inc. v. Tuscaloosa County*, 953 So.2d 321 (Ala. 2006)). "If the trial court determines that the defendant owed the plaintiff a duty, then the questions of breach of that duty, proximate causation, and damages are normally resolved by the jury." *Jones Food Co., Inc.*, 981 So.2d at 361.

Alabama law "places a duty on every person … to use reasonable care to avoid causing injury or damages to a person." *Nelms v. Allied Mills Co.*, 387 So.2d 152, 155 (Ala. 1980). The Rule 56 record contains evidence from which a jury could conclude that Pettey, a federal employee, breached that standard when he pushed Plaintiff's wheelchair causing Plaintiff's foot to strike an object which caused an injury. Therefore, summary judgment is inappropriate on this record.

In its Motion, Defendant first argues that Plaintiff's claim is barred by the FTCA's assault and battery exception. (Doc. # 36 at 8). This argument is without merit because Plaintiff's First Amended and Restated Complaint asserts solely a negligence claim. (Doc. # 14). That Plaintiff's Amended Complaint also contains allegations of willful conduct does not negate Plaintiff's negligence claim. Federal Rule of Civil Procedure 8(d) expressly permits the pleading of both alternative and inconsistent claims.

Next, Defendant argues that Plaintiff's claim is barred because no federal employee caused him injury. (Doc. # 36 at 10). But this argument is inconsistent with the proper application of Federal Rule of Civil Procedure 56 at this stage of the proceedings. On a Rule 56 Motion, the facts are viewed in the light most favorable to the non-moving party ─ in this case Plaintiff.

4

Plaintiff testified that Mr. Pettey pushed Plaintiff's wheelchair in such a manner as to cause Plaintiff to strike his foot on an object which caused him injury.  (Doc. # 37-1 at 46-47).  Mrs. Fluker testified that she witnessed the same events and agreed with Mr. Fluker's version of the events.  (Doc. # 37-2 at 5).  Defendant disputes that Mr. Pettey ever pushed the wheelchair, but the Rule 56 record contains competent evidence that he, a federal employee, indeed caused Plaintiff's injury.  This is a prime example of a disputed fact which must be decided by a trier of fact and precludes summary judgment.

Finally, Defendant argues that Mr. Fluker's smoking contributed to the loss of his leg and that his smoking amounts to a failure to mitigate.  Plaintiff suffered the injury at issue on or about January 11, 2008.  His leg was amputated on or about January 28, 2008.  Although there is medical evidence that Plaintiff's smoking contributed to his underlying, preexisting medical conditions (Doc. # 37-5 at 17-19), Defendant has pointed to no evidence which tends to show that Plaintiff's smoking during this less than three week period (between his alleged injury and the amputation of his leg) caused the amputation.  "If a tortfeasor inflicts a graver loss on his victim than one would have expected because the victim had some pre-existing vulnerability, that is the tortfeasor's bad luck; you take your victim as you find him. That is the famous 'eggshell skull' rule of tort law ... ."  *Schmude v. Tricam Industries, Inc.*, 556 F.3d 624, 628 (7th Cir. 2009).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. # 35) is due to be denied.  A separate order will be entered.

**DONE** and **ORDERED** this October 21, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE